WARNER, J.
Appellant challenges his conviction for driving a motor vehicle with a revoked license, claiming that the prosecutor made two prejudicial comments in closing argument. First, the prosecutor told the jury that the state’s sole witness, a state trooper, was being truthful and reliable. The comment was in response to the defense’s attack on the trooper’s credibili *609 ty, and the prosecutor’s comment did not place the prestige of the government behind the trooper or comment on matters outside the record. See Hutchinson v. State, 882 So.2d 943, 953 (Fla.2004). Therefore, we find no error. As to the second comment, which the defense states was a comment implicating the right to remain silent, we do not view it in the same light. The prosecutor started to say, “And there’s no evidence before you to contradict ” before being cut off by a defense objection. Immediately prior to this, the prosecutor was again talking about the trooper’s actions and credibility. We find it questionable that this was a comment on silence, but even if it was, we conclude that it was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
STEVENSON, C.J., and TAYLOR, J., concur.