# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-352
Lower Tribunal No. 17-20771
_____

**Jonathan Nunez Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee.

Before EMAS, C.J., and MILLER and LOBREE, JJ.

PER CURIAM.

Jonathan Nunez Gonzalez appeals from his judgment and sentence for possession of cocaine with intent to sell within 1000 feet of a school, possession of cannabis, and unlawful use of a communication device.

On appeal, Gonzalez asserts a new trial is warranted because of improper comments made by the prosecutor during closing arguments. As to the first comment, and the context in which it was made, we conclude that it was not improper but rather a fair reply to Gonzalez's defense theory as articulated by his attorney—that the police officers fabricated the entire incident, that Gonzalez committed no criminal act, and that this was nothing more than a "story, a tall tale."

The prosecutor's comment neither improperly bolstered, nor vouched for, the officers who testified at trial. Instead, the prosecutor summarized the evidence introduced and argued to the jury, based on that evidence and fair inferences, that the defense's theory of police fabrication was unreasonable. See Williamson v. State, 994 So. 2d 1000 (Fla. 2008). A prosecutor is permitted to "robustly and vigorously argue the truthfulness of a witness whose credibility is under attack," Jackson v. State, 89 So. 3d 1011, 1019 (Fla. 4th DCA 2012), so long as she does not "place[] the prestige of the government behind the witness or indicate[] that information not presented to the jury supports the witness's testimony." Williamson, 994 So. 2d at 1013. See also Glispy v. State, 940 So. 2d 608 (Fla. 4th DCA 2006).

As to the remaining claims of improper argument, we find no merit. In context, the arguments were proper and, to the extent they could be considered improper, we conclude that any such error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986).

Affirmed.